IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
*ex rel.* ROBERT EDWARDS, et al.,

Plaintiffs,

v.

ST. LUKE'S HOSPITAL, et al.,

Defendants.

NO. C03-0825 TEH

ORDER APPOINTING SPECIAL MASTER FOR DISCOVERY

Based on the Court's experience in this case, it is apparent that the parties are incapable of resolving their discovery disputes in an expeditious and orderly manner without further intervention from this Court. Failure of the parties to cooperate during discovery completely undermines the Civil Justice Reform Act of 1990, which was passed by Congress to address "the dual problems of cost and delay in Federal civil litigation," including the high costs associated with discovery abuse. S. Rep. No. 101-416, at 6, 20 (1990).

Moreover, as another judge in this district explained long ago:

> The discovery system depends absolutely on good faith and common sense from counsel. The courts, sorely pressed by demands to try cases promptly and to rule thoughtfully on potentially case dispositive motions, simply do not have the resources to police closely the operation of the discovery process. The whole system of Civil adjudication would be ground to a virtual halt if the courts were forced to intervene in even a modest percentage of discovery transactions. That fact should impose on counsel an acute sense of responsibility about how they handle discovery matters. They should strive to be cooperative, practical and sensible, and should turn to the courts (or take positions that force others to turn to the courts) only in extraordinary situations that implicate truly significant interests.

*In re Convergent Tech. Sec. Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). Counsel's failure to comply with these general principles convinces the Court that a discovery master is necessary to avoid wasting judicial resources and preventing a timely resolution of this case,

and the Court informed counsel at the January 23, 2006 case management conference that it would be appointing a discovery master. Accordingly, with good cause appearing, IT IS HEREBY ORDERED that:

1. Edward Swanson, Esq., of Swanson & McNamara, LLP, is appointed as Special Master to supervise and preside over all remaining discovery in this case.

   a. If necessary, the Special Master may attend all or portions of any remaining depositions, rule on all objections made by counsel during the depositions, rule on any instructions by counsel for the deponent not to answer a question, and order the deponent to respond to questions.

   b. The Special Master shall immediately notify this Court if, during a deposition in which he is in attendance, any counsel fails to comply or cooperate fully with any of the Special Master's rulings.

2. The Special Master's hourly fee shall be $350.00. The Special Master shall, in his discretion, allocate and assess the payment of his fees among the parties. The parties shall pay the Special Master's fees within ten calendar days of assessment, unless otherwise excused by the Special Master or this Court.

3. At his earliest convenience, the Special Master shall contact the parties to discuss the execution of his duties in connection with this order.

In addition, the Court informed the parties at the January 23, 2006 case management conference that it would set forth its recollection of its discovery ruling at the unreported June 27, 2005 case management conference. At that conference, Relators asserted that they had a right to view Defendants' insurance policies to see if claims for fraudulent activities were covered. Defendants responded that they had not yet had an opportunity to brief the issue, but that they believed that no insurance policy exists that would cover the fraud claims asserted in the complaint; Defendants further added their belief that False Claims Act claims are not insurable in California as a matter of law. The Court then stated that the parties should brief this issue if Relators wished to pursue it. In response, Relators explained that there may be other discovery issues as well, and that they wanted to brief all discovery issues

1 at one time. Relators asked for thirty days in which to do so, and the Court accordingly
2 ordered that all "presently contemplated discovery motions" should be filed by Relators on or
3 before July 25, 2005. The Court further ordered the parties to meet and confer regarding
4 which issues to submit in any motions to compel.

5      As explained in the parties' most recent case management statement, and as is
6 apparent in the letters attached to that statement, the parties disagree over the scope of the
7 Court's order. However, neither party raised the issue with the Court prior to the July 25,
8 2005 deadline, which passed without any motions to compel having been filed. Nor did the
9 parties raise the issue in their joint statement filed in advance of the September 26, 2005 case
10 management conference.

11      Relators now seek to meet and confer, and perhaps file a motion to compel if
12 necessary, over Defendants' responses to Relators' first set of requests for production, served
13 in December 2004. The Court agrees with Relators that its order at the June 27, 2005 case
14 management conference does not bar such a motion. As Defendants concede, Relators never
15 waived objections to the actual production of documents, which is what the parties' dispute
16 appears to concern. In addition, even if Defendants and Relators had reached agreement
17 prior to June 2005 on what types of documents Defendants would produce, Relators
18 explained in their statement prior to the June 27 case management conference that the parties
19 "agreed to postpone filing a motion to compel until after their review of Defendants' further
20 production and privilege log." This agreement was based on Defendants' representation that
21 "further production of documents in response to certain categories of documents would
22 alleviate the need for production of documents in response to several other categories of
23 documents in the first request for production." Defendants stated in a July 6, 2005 letter to
24 Relators that this was only a "purported agreement," but Defendants never raised such an
25 objection before the Court, nor, until the most recent case management conference statement,
26 did either party ask for clarification regarding the Court's intended meaning of "presently
27 contemplated discovery motions." The Court's June 27 ruling was not intended to
28 undermine any agreement between the parties; the order to file any "presently contemplated"

3

1 motions by July 25, 2005, thus did not include motions that the parties apparently agreed
2 would be postponed.  Consequently, the Special Master shall not deny any such motions as
3 untimely based on the Court's June 27, 2005 oral order.

5 **IT IS SO ORDERED.**

7 Dated: 01/25/06

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

4