IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*ex rel.* ROBERT EDWARDS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ST. LUKE'S HOSPITAL, et al.,<br><br>Defendants. | NO. C03-0825 TEH<br><br><u>ORDER REFERRING CASE TO<br>MAGISTRATE JUDGE FOR<br>MANDATORY SETTLEMENT<br>CONFERENCE</u> |

At the September 25, 2006 case management conference, the Court discussed with the parties the Relators' request for referral to a magistrate judge to conduct a mandatory settlement conference. Relators stated that they were ready to discuss settlement and did not have any "hard position" in this case. Defendants orally repeated their belief from the joint case management statement that no further settlement discussions would be productive at this time.

While, as the Court stated at the case management conference, one party's lack of a hard position may be another party's unreasonable stance, it is not clear to the Court that a settlement conference with the assistance of a magistrate judge would be entirely unproductive at this time. Given the amount of attorney time that continues to be spent on discovery, and because it appears that much discovery remains to be done before the March 31, 2007 discovery cut-off date, it may reduce litigation costs considerably if the parties were able to resolve their dispute at this stage of the proceedings rather than waiting until after discovery is completed to continue settlement discussions. The Court is aware, however, that some additional discovery may still be needed before the parties can meaningfully discuss settlement. In addition, as the Court explained at the case management conference, it does not believe in futile exercises; thus, it is the Court's practice not to refer

1 cases for mandatory settlement conferences when one or both parties is unwilling to
2 negotiate a settlement in good faith.

3     In this case, however, Defendants have stopped short of saying that they are not
4 willing to discuss a potential settlement of Relators' claims.  Instead, they have explained
5 that they do not believe Relators' position has changed from the date of the parties'
6 unsuccessful mediation with the Honorable Edward A. Infante, and that further settlement
7 discussions would therefore be unproductive.  Given Relators' repeated and apparently
8 earnest requests for a referral to a magistrate judge for settlement, however, it appears to the
9 Court that Relators' position may have changed somewhat since the March 28, 2006
10 mediation.

11     In light of all of the above, IT IS HEREBY ORDERED that:

12     1. This case shall be referred to a magistrate judge to conduct a mandatory settlement
13 conference.  The parties shall meet and confer in an attempt to agree on assignment to a
14 particular magistrate judge in San Francisco and shall telephone the Court's courtroom
15 deputy to inform her of their selection, or their failure to reach agreement, on or before
16 **October 4, 2006.**  If the parties cannot reach agreement, then this matter shall be referred to
17 a randomly assigned magistrate judge.

18     2. Once a magistrate judge has been assigned, the parties shall contact that judge's
19 chambers to discuss a settlement conference date.  As no trial date has yet been set in this
20 matter, the Court leaves the date of the settlement conference to the discretion of the
21 magistrate judge after considering the parties' positions on when a settlement conference
22 would be most productive.  Whether to order the personal attendance of the parties or party
23 representatives shall also be left to the sole discretion of the magistrate judge.

24

25 **IT IS SO ORDERED.**

26

27 Dated:  09/27/06

    THELTON E. HENDERSON, JUDGE
28     UNITED STATES DISTRICT COURT

United States District Court
For the Northern District of California

2